# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | | |
|---|---|---|
| John Cadden | ) | |
|      *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  3:17-CV-591-TBR |
| | ) | |
| Midland Funding, LLC | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      Corporation Service Company | ) | |
|      421 W. Main Street | ) | |
|      Frankfort, KY 40601 | ) | |
| | ) | |
| Midland Credit Management, Inc. | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      Corporation Service Company | ) | |
|      2900 SW Wanamaker Dr., Suite 204 | ) | |
|      Topeka, KS 66614 | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367. Venue is proper, because the nucleus of relevant facts and events that affected and/or damaged Plaintiff as consumer occurred within Jefferson County, Ky., which is located within this District.

### PARTIES

3. Plaintiff John Cadden is a natural person who resides in Jefferson County, Ky. Mr. Cadden is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.      Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5.      Midland Funding, LLC's principal purpose is the collection of "debt" and is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.      Defendant Midland Credit Management, Inc. ("MCM") is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

7.      MCM is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6). MCM is also a user and furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

8.      Defendant Midland Funding, LLC ("Midland") sued Mr. Cadden in two different lawsuits to collect charged-off credit card debts.

9.      Midland sued Mr. Cadden in the Jefferson Circuit Court under Case No. 12-CI-02376 to collect a credit card debt originated by Providian Financial Corporation ("Providian") and later acquired by Chase Bank USA, N.A. ("Chase") (the "First Lawsuit").

10.      Midland moved for and obtained a default judgment in the First Lawsuit against Mr. Cadden on July 19, 2012.

11.      After the Jefferson Circuit Court granted Midland default judgment in the First Lawsuit, Midland filed a judgment lien in the Jefferson County Clerk's office.

12.      The judgment lien arising out of the default judgment in the First Lawsuit does not reference either Providian or Chase. The judgment lien gives no clue or indication as to the basis of Midland's lawsuit against Mr. Cadden.

13.      The judgment lien acts as a lien on all real property owned by Mr. Cadden in Jefferson County, KY.

14.     True and copies of the complaint, default judgment, and judgment lien in the First Lawsuit are attached as Exhibit "A."

15.     Midland sued Mr. Cadden in the Jefferson District Court under Case No. 11-C-014603 to collect a credit card debt originated by Bank of America, N.A. ("Bank of America") (the "Second Lawsuit").

16.     Midland moved for and obtained a default judgment in the Second Lawsuit against Mr. Cadden on May 31, 2012.

17.     After the Jefferson District Court granted Midland default judgment in the Second Lawsuit, Midland filed a judgment lien in the Jefferson County Clerk's office.

18.     The judgment lien arising out of the default judgment in the Second Lawsuit does not reference Bank of America. The judgment lien gives no clue or indication as to the basis of Midland's lawsuit against Mr. Cadden.

19.     The judgment lien acts as a lien on all real property owned by Mr. Cadden in Jefferson County, KY.

20.     True and copies of the complaint, default judgment, and judgment lien in the Second Lawsuit are attached as Exhibit "B."

21.     Mr. Cadden recently decided that he wanted to satisfy and remove the two Midland judgment liens arising out of the judgments in the First and Second Lawsuits as described above and contacted Defendant Midland Credit Management, Inc. ("MCM").

22.     Mr. Cadden explained to the MCM employee, agent, or representative he spoke with that Midland held two judgment liens of record in the Jefferson County Clerk's office and he wanted to settle the underlying debts and remove the judgment liens.

23.     Mr. Cadden asked for a written payoff for the two judgments in the First and Second Lawsuits.

24.     In response to Mr. Cadden's request, MCM sent Mr. Cadden a payoff letter dated September 18, 2017. A true and accurate copy of MCM's payoff letter is attached as Exhibit "C."

25.     Despite Mr. Cadden's specific request to payoff the two judgment liens, MCM's payoff letter concerns an alleged debt to Citibank (South Dakota), N.A. ("Citibank").

26. The Citibank debt was incurred for personal, family, and/or household purposes, which makes the Citibank debt a "debt" within the meaning of the FDCPA.

27. MCM's payoff letter was an attempt to collect the Citibank debt from Mr. Cadden.

28. MCM services the Citibank debt on Midland's behalf.

29. The Citibank debt has no relationship to the credit card debts to the judgments in the First and Second Lawsuits that gave rise the two judgment liens that Mr. Cadden tried to settle and get released.

30. The Citibank debt has not been reduced to judgment. Indeed, collection of the debt is barred by the applicable statute of limitations, as evidenced by this notice contained in the letter:

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

31. MCM's September 18th payoff letter failed to advise or alert Mr. Cadden that paying off the Citibank debt would not result in the release of either of the above-described judgment liens.

32. MCM's September 18th payoff letter was an unfair, unconscionable, and deceptive means to attempt to collect the Citibank debt from Mr. Cadden.

33. Mr. Cadden reached out to Midland and MCM in an honest attempt to settle the debts giving rise to the judgment liens against him. But MCM attempted to trick Mr. Cadden into paying the Citibank debt, which payment would not have resulted in release of either judgment lien.

## CLAIMS FOR RELIEF

34. The foregoing acts and omissions of Midland Funding, LLC ("Midland") constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, John Cadden, requests that the Court grant the following relief:

1. Award Plaintiff actual and compensatory damages;

2. Award Plaintiff statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k.

3.      Award Plaintiff reasonable attorneys fees;

4.       Award Plaintiff costs;

5.      A trial by jury; and

6.      Such other relief as may be just and proper.


                    Respectfully submitted,

                    /s/ James H. Lawson
                    **James H. Lawson**
                    *Lawson at Law, PLLC*
                    115 S. Sherrin Avenue, Suite 5
                    Louisville, KY 40207
                    Tel:    (502) 473-6525
                    Fax:    (502) 473-6561
                    james@kyconsumerlaw.com

                    James R. McKenzie
                    *James R. McKenzie Attorney, PLLC*
                    115 S. Sherrin Avenue, Suite 5
                    Louisville, KY 40207
                    Tel:    (502) 371-2179
                    Fax:    (502) 257-7309
                    jmckenzie@jmckenzielaw.com